## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MH SUB 1, LLC d/b/a INTERNET BRANDS and WEBMD HEALTH CORP.,** | § § § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 18-CV-00834** |
| | § | |
| **v.** | § | |
| | § | |
| **FPK SERVICES, LLC d/b/a MEDOLOGY,** | § § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

### PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs MH Sub 1, LLC d/b/a Internet Brands ("Internet Brands") and WebMD Health Corp. ("WebMD") (collectively, "Plaintiffs") hereby demand a jury trial and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for a declaratory judgment that (1) Plaintiffs did not misappropriate any trade secrets or confidential information within either the Defend Trade Secrets Act (18 U.S.C § 1836) or the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A.001 *et. seq.*) and (2) Plaintiffs did not breach a nondisclosure agreement under Texas common law.

### PARTIES

2.      Plaintiff MH Sub 1, LLC d/b/a Internet Brands is a Delaware limited liability company having its principal place of business located at 909 N. Pacific Coast Highway, 11th Floor, El Segundo, CA 90245.

3.      Plaintiff WebMD Health Corp. is a Delaware corporation having its principal place of business located at 111 Eighth Avenue, New York City, New York City, NY 10011.

4.      Defendant FPK Services LLC d/b/a Medology ("Medology") is a Texas limited liability company with its principal place of business located at 5821 Southwest Freeway, Suite 600, Houston, Texas 77057.  Defendant FPK Services LLC d/b/a Medology's registered agent is Capitol Corporate Services, Inc., 206 E. 9th St., Suite 1300, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This is a complaint for causes of action under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Texas statutory and common law.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6.      Personal jurisdiction is proper in this district because (1) Defendant's principal place of business is in Texas and (2) Defendant has consented to jurisdiction in this district in an executed nondisclosure agreement between the Parties at issue in this Lawsuit.  Defendant also conducts its business online where Defendant's services have been offered in this district and elsewhere in the State of Texas.

7.      Venue is proper in this district because Defendant has consented to venue in this district in an executed nondisclosure agreement between the Parties at issue in this Lawsuit, and under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred here in this district.

## MEDOLOGY'S ACCUSATION OF MISAPPROPRIATION OF TRADE SECRETS

8.      Plaintiff WebMD Health Corp. ("WebMD") is a leading provider of health information services, serving consumers, physicians, healthcare professionals, employers, and health plans through its public online portals, mobile platforms and health-focused publications. The WebMD network includes, but is not limited to, WebMD.com, Medscape.com, MedicineNet.com, eMedicineHealth.com, RxList.com, and Medscape.org.

9.      Since its founding, WebMD has established itself over the past twenty years as a trusted resource of health information.  WebMD's websites, mobile apps, publications and technology platforms provide an award-winning combination of content, community and connectivity that empower health decisions anytime and anywhere, permitting tremendous growth of WebMD over the past twenty years.  Today, WebMD has over seventy-five million monthly unique users and forty-five million monthly mobile unique users.

10.     Much of WebMD's success is largely based on its continued commitment to being a trusted resource of health information, which includes a dedication to developing tools and services that help deliver health information to its customers, such as websites, mobile apps, and technology platforms.

11.     On or around November 21, 2016, Plaintiffs met with PWN Health to discuss the possible development of a direct-to-consumer lab testing service.

12.     On or around December 9, 2016, Plaintiffs and PWN Health arranged an initial meeting to continue discussing the development of a lab testing service.  During the year 2017, Plaintiffs and PWN Health continued discussions involving PWN Health's development of a lab testing service for WebMD.

13.     On January 2, 2018, Plaintiffs signed a contract with PWN Health for the development of lab testing service for WebMD.

14.     On or around February 5, 2018, Medology's investment bank approached Plaintiffs to inquire whether Plaintiffs had any interest in acquiring Medology.  On that same day, Medology and Internet Brands, Inc., a predecessor-in-interest of MH Sub 1, LLC d/b/a/ Internet Brands, entered into a Mutual Non-Disclosure Agreement (the "NDA").  A copy of the NDA is attached hereto as Exhibit 1.

15.     In February 2018, Plaintiffs and Defendant had communications to discuss the potential acquisition of Defendant Medology.  On information and belief, Medology owns and/or operates the brands STDcheck.com, HealthLabs.com, and UTItreatment.com.

16.     On or around March 9, 2018, Plaintiffs halted the discussions regarding the potential acquisition of Defendant Medology.

17.     On or around May 9, 2018, Plaintiffs issued a "soft launch" of WebMD Lab Testing powered by PWN Health ("WebMD Lab Testing"), which is the lab testing service WebMD contracted with PWN Health to develop on January 2, 2018 after extensive discussions dating back to late 2016.

18.     On July 23, 2018, Defendant filed its Verified Petition To Take Depositions Before Suit in Texas state court, *In re FPK Services, LLC, d/b/a Medology*, Cause No. 2018-48786, in the District Court of Harris County, Texas (129th Judicial District) (the "Pre-Suit Petition"), which sought pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp. in "anticipation of the institution of a suit."  A copy of the Pre-Suit Petition is attached hereto as Exhibit 2.

19.     Defendant alleged in the Pre-Suit Petition that Plaintiffs misappropriated Defendant's confidential and trade secret information regarding its business, which Defendant also alleged was a breach of the NDA. (*See* Ex. 2.)

20.     On September 20, 2018, the hearing on the Pre-Suit Petition was held and Defendant Medology's request to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp. was denied.  A copy of the unofficial order is attached hereto as Exhibit 3.   Medology failed to demonstrate that allowing Medology to take the requested depositions may prevent a failure or delay in justice in the anticipated suit.

21.     Defendant has already stated in in its Pre-Suit Petition that it anticipates "the institution of a suit in which [Plaintiffs'] interests will be adverse to [Defendant's]" based on Defendant's allegations that Plaintiffs misappropriated its trade secrets and confidential information and breached the terms of a NDA.  Since Defendant's request to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp. was recently denied, Plaintiffs anticipate the imminent filing of such suit by Defendant against Plaintiffs.

## COUNT I

**DECLARATORY JUDGMENT (28 U.S.C. § 2201) –**
**Declaration of Non-Liability Under the Defend Trade Secrets Act 18 U.S.C. § 1836**

22.     Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth again here.

23.     This is an action for declaratory judgment that Plaintiffs have not misappropriated any of Defendant's alleged trade secrets and confidential information, relating to the NDA, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836.

24.     Defendant has accused Plaintiffs of misappropriating its trade secrets and confidential information and anticipates the institution of a lawsuit to resolve this matter through litigation.

25.     Defendant filed its Pre-Suit Petition in Texas state court on July 23, 2018 in order to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp.  The Pre-Suit Petition alleged that Plaintiffs misappropriated its trade secrets and confidential information, which were allegedly provided under the terms of a NDA, and that Defendant anticipates "the institution of a suit in which [Plaintiffs'] interests will be adverse to [Defendant's]." (Ex. 2 at ¶ 19.)  Defendant's request to take these pre-suit depositions

was denied on September 20, 2018. (*See* Ex. 3.)

26.     Plaintiffs each deny that it misappropriated any trade secrets or confidential information relating to the NDA.

27.     Defendant's allegations and Plaintiffs denials give rise to an immediate and substantial controversy regarding the alleged misappropriation of trade secrets and confidential information relating to the NDA.

28.     An actual and justiciable controversy exists as to whether Plaintiffs misappropriated any trade secrets or confidential information relating to the NDA.

29.     A judicial declaration is necessary and appropriate to ascertain whether Plaintiffs misappropriated any trade secrets or confidential information in violation of the NDA.

30.     Plaintiffs accordingly request a judicial determination of whether Plaintiffs misappropriated any trade secrets or confidential information in violation of the NDA, under the Defend Trade Secrets Act 18 U.S.C. § 1836.

## COUNT II
### DECLARATORY JUDGMENT (28 U.S.C. § 2201) –
### Declaration of Non-Liability Under the Texas Uniform Trade Secrets Act
### TEX. CIV. PRAC. & REM. CODE § 134A.001 *et. seq.*

31.     Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth again here.

32.     This is an action for declaratory judgment that Plaintiffs have not misappropriated any of Defendant's alleged trade secrets or confidential information, relating to the NDA, in violation of the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001 et. seq.

33.     Defendant has accused Plaintiffs of misappropriating its trade secrets and confidential information and anticipates the institution of a lawsuit to resolve this matter through

litigation.

34.     Defendant filed its Pre-Suit Petition in Texas state court on July 23, 2018 in order to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp.   The Pre-Suit Petition alleged that Plaintiffs misappropriated its trade secrets and confidential information, which were allegedly provided under the terms of a NDA, and that Defendant anticipates "the institution of a suit in which [Plaintiffs'] interests will be adverse to [Defendant's]."  (Ex. 2 at ¶ 19.)  Defendant's request to take these pre-suit depositions was denied on September 20, 2018.  (*See* Ex. 3.)

35.     Plaintiffs each deny that it misappropriated any trade secrets or confidential information relating to the NDA.

36.     Defendant's allegations and Plaintiffs denials give rise to an immediate and substantial controversy regarding the alleged misappropriation of trade secrets and confidential information relating to the NDA.

37.     An actual and justiciable controversy exists as to whether Plaintiffs misappropriated any trade secrets or confidential information in violation of the NDA.

38.     A judicial declaration is necessary and appropriate to ascertain whether Plaintiffs misappropriated any trade secrets or confidential information in violation of the NDA, under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001 et. seq.

## COUNT III
## DECLARATORY JUDGMENT (28 U.S.C. § 2201) –
### Declaration of Non-Liability Under Texas Common Law – Breach of Contract

39.     Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth again here.

40.     This is an action for declaratory judgment that Plaintiffs did not breach the NDA under Texas law.

41.     Defendant has accused Plaintiffs of misappropriating its trade secrets and confidential information, an alleged breach of the NDA, and anticipates the institution of a lawsuit to resolve the matter through litigation.

42.     Defendant filed its Pre-Suit Petition in Texas state court on July 23, 2018 in order to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp.   The Pre-Suit Petition alleged that Plaintiffs misappropriated its trade secrets and confidential information, which were allegedly provided under the terms of a NDA, and that Defendant anticipates "the institution of a suit in which [Plaintiffs'] interests will be adverse to [Defendant's]."  (Ex. 2 at ¶ 19.)  Defendant's request to take these pre-suit depositions was denied on September 20, 2018.  (*See* Ex. 3.)

43.     Plaintiffs each deny that it breached the NDA by using and/or disclosing, without authorization, any trade secrets or confidential information relating to the NDA.

44.     Defendant's allegations and Plaintiffs denials give rise to an immediate and substantial controversy regarding the alleged breach of the NDA.

45.     An actual and justiciable controversy exists as to whether Plaintiffs breached the NDA.

46.     A judicial declaration is necessary and appropriate to ascertain Plaintiffs' rights and any breaches or liabilities regarding the NDA.

47.     Plaintiffs accordingly request a judicial determination of its rights, duties, obligations, and any liabilities or breaches with regard to the NDA, under Texas law.

48.     Plaintiffs additionally request a judicial determination that Defendant did employ an attorney to enforce a right relating to the NDA, as described in Section 4(c) of the NDA, and that Plaintiffs should recover reasonable attorney's fees as the prevailing party in this Lawsuit, as

permitted by Section 4(c) of the NDA.

49.     Plaintiffs additionally request a judicial determination that Defendant did employ an attorney to enforce a right relating to the NDA, as described in Section 4(c) of the NDA, when Defendant filed the Pre-Suit Petition to take pre-suit depositions of designated corporate representatives of Internet Brands, Inc. and WebMD Health Corp in anticipation of instituting suit and Plaintiffs should recover its reasonable attorney's fees as the prevailing party in the related Texas state court action, as permitted by Section 4(c) of the NDA.

## REQUEST FOR JURY TRIAL

50.     Plaintiff requests a jury trial on all issues in this action so triable.

## PRAYER FOR RELIEF

Plaintiffs respectfully request this Court to enter judgment in favor against Defendant granting the following relief and/or making the following rulings:

A.     A declaration that Plaintiffs have not misappropriated any of Defendant's trade secrets or confidential information relating to the NDA;

B.     A declaration that Plaintiffs have not breached the NDA;

C.     An order enjoining Defendant, its officers, directors, agents, counsel, and employees, and all other persons in active concert or participation with the foregoing, from alleging misappropriation or breach of the NDA in any action against Plaintiffs;

D.     An order declaring that Plaintiffs are the prevailing party in accordance with Section 4(c) of the NDA;

E.     An order declaring that Plaintiffs are entitled to reasonable attorney's fees in this action in accordance with Section 4(c) of the NDA;

F.     An order declaring that Plaintiffs are entitled to reasonable attorney's fees in the Texas state court action in accordance with Section 4(c) of the NDA;

G.     That Plaintiffs recover all prejudgment and post judgment interest as allowed by law; and

H.     That Plaintiffs recover such further relied as may be just and proper.

Dated: October 2, 2018                    Respectfully submitted,

                                          _/s/ Sherri Wilson_____
                                          Michael P. Adams (Texas Bar No. 00872050)
                                          Sherri Wilson (Texas Bar No. 24075291)
                                          DYKEMA GOSSETT PLLC
                                          111 Congress Avenue, Suite 1800
                                          Austin, Texas 78701
                                          Tel:       (512) 703-6300
                                          Fax:       (512) 703-6399
                                          Email:     madams@dykema.com
                                                     swilson@dykema.com

                                          ATTORNEYS FOR PLAINTIFFS
                                          MH SUB 1, LLC d/b/a INTERNET BRANDS
                                          AND WEBMD HEALTH CORP.